# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILSON JUNIOR VELEZ** | : | **CIVIL ACTION** |
| *Plaintiff, pro se* | : | |
| | : | **NO. 18-1324** |
| **v.** | : | |
| | : | |
| **MARTHA CHAMPLIN** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.　　　　　　　　　　　　　　　　　　MARCH 21, 2019

# MEMORANDUM OPINION

**INTRODUCTION**

　　　　Plaintiff Wilson Junior Velez ("Plaintiff"), who was a pretrial detainee at the Chester County Prison, filed a civil rights action pursuant to 42 U.S.C. §1983 ("§1983") against Defendant Martha Champlin ("Defendant Champlin"), a certified registered nurse practitioner, in which he alleges that Defendant Champlin violated his constitutional rights by acting with deliberate indifference to his serious medical needs while incarcerated. [ECF 13]. Before this Court is Defendant Champlin's *motion to dismiss* filed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), seeking the dismissal of Plaintiff's amended complaint for failure to state a claim upon which relief can be granted. [ECF 16]. Plaintiff has filed an opposition to the motion. [ECF 25]. The issues in the motion to dismiss have been fully briefed by the parties and, therefore, are ripe for disposition.

　　　　For the reasons stated herein, Defendant Champlin's motion to dismiss is granted.

**BACKGROUND**

　　　　As noted, Plaintiff asserts a §1983 claim premised on Defendant Champlin's alleged deliberate indifference to his serious medical needs. When ruling on a motion to dismiss, this

Court must accept as true all factual allegations in Plaintiff's operative complaint, here the amended complaint, and construe these facts in the light most favorable to Plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). The following is a summary of the allegations in Plaintiff's second amended complaint; *to wit*:

> Plaintiff was a pretrial detainee at the Chester County Prison. On November 6, 2017, Plaintiff slipped and fell in a puddle of water on his cell block, suffering an injury to his left leg, tailbone, and lower back. After the fall, he was assisted off the floor and onto a stretcher by the prison medical unit. He was placed on medical observation and evaluated by Defendant Champlin the next day. Plaintiff told Defendant Champlin that his legs felt weak, as if they might give out.
>
> After evaluating Plaintiff, Defendant Champlin told him to give it about two weeks to recover. She also discontinued Plaintiff from medical observation and told him that she would issue an order for extra strength Tylenol for his pain. According to Plaintiff, he was never given the Tylenol. The next day, he filed two sick call forms complaining about his injuries. He was then seen by another registered nurse and advised that he may have pulled a muscle in his leg. Plaintiff acknowledged that the injury felt like a pulled muscle. The registered nurse then provided Plaintiff Motrin and sent him back to his cell block.
>
> Plaintiff asserts over the next three or four days that he continued to have complaints of pain and that his leg would at times buckle under while walking. These complaints led Plaintiff to be evaluated by a physician assistant who examined Plaintiff and suggested he might have pulled some muscles in his back. The physician assistant prescribed muscle relaxers and Motrin. Plaintiff was sent back to his cell block, without any medical restrictions. Plaintiff took these medications for ten to twelve days, but noticed no improvement. He continued to have trouble walking up and down flights of stairs, which he was required to do because of the location of his cell.
>
> On November 24, 2017, Plaintiff was seen by a psychiatrist, Dr. Dana Olive, who prescribed Nortriptyline for his alleged sleeping issues. Dr. Olive told Plaintiff that this medication was for his sleep issues but could also assist with his pain.
>
> Plaintiff was next seen by Defendant Champlin on November 25, 2017. Plaintiff again described his leg pain and his legs giving out at times while walking. He also advised of the difficulty he experienced walking up and down stairs and "begged" her to place him on medical stair restriction. She denied his

request for medical restriction, provided Plaintiff instructions on stretching exercises, and prescribed Tylenol.

Nine days later, on December 4, 2017, Plaintiff fell down a flight of steps after he rolled his ankle. Plaintiff blames this fall on the leg issues caused by his November 6, 2017 fall. Plaintiff was evaluated by another nurse, who Plaintiff alleges treated him rudely and questioned whether Plaintiff had truly fallen down the stairs. She then gave Plaintiff an ice pack for his swollen ankle and placed him on physical restriction.

The next day, Plaintiff was evaluated by Defendant Champlin. She examined his ankle by moving it in a circular motion. Once again, Plaintiff's request to be placed on medical restriction was denied, which meant that he had to walk up and down stairs.

**LEGAL STANDARD**

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler*, 578 F.3d at 210-11 (citing *Iqbal*, 556 U.S. at 677). The court must determine whether the plaintiff has pled facts sufficient to show a plausible entitlement to relief. *Id.* at 211. If the pled facts only allow the court to *infer the mere possibility* of misconduct, then the complaint has only alleged, and not *shown*, that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)) (emphasis added). Thus, the plaintiff "must allege facts sufficient to 'nudge [his or her] claims across the line from conceivable to plausible.'" *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If after construing the complaint in the light most favorable to the plaintiff, the court finds that the plaintiff could not be entitled to relief, it can dismiss the claim. *Fowler*, 578 F.3d at 210.

While complaints and submissions filed by *pro se* litigants are subject to liberal interpretation and are held "'to less stringent standards than formal pleadings drafted by

lawyers,'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)), the court still must ensure that a *pro se* complaint contains "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Fantone*, 780 F.3d at 193 (citing *Iqbal*, 556 U.S. at 678).

**DISCUSSION**

In her motion to dismiss, Defendant Champlin argues that Plaintiff has failed to plead facts sufficient under §1983 to establish the requisite deliberate indifference. This Court agrees.

To maintain a cause of action under §1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also* 42 U.S.C. §1983. The Eighth Amendment, the constitutional basis underlying Plaintiff's claims,[1] prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Consistent with the Eighth Amendment, prison officials must provide basic medical treatment to prisoners. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). In *Estelle*, the Supreme Court articulated the standard as follows:

---

[1] Because Plaintiff was a pretrial detainee, and not a convicted prisoner, his denial of adequate medical care claim arises under the Fourteenth Amendment, rather than the Eighth Amendment. *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). However, the Supreme Court has held that the Fourteenth Amendment affords pre-trial detainees protections that are "at least as great" as those afforded to convicted prisoners under the Eighth Amendment. *Id.* (quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)). In the context of claims for inadequate medical care, the United States Court of Appeals for the Third Circuit ("Third Circuit") has held that **"**we have found no reason to apply a different standard than that set forth in *Estelle* (pertaining to prisoners' claims of inadequate medical care under the Eighth Amendment) when evaluating whether a claim for inadequate medical care by a pretrial detainee is sufficient under the Fourteenth Amendment." *Id.* Therefore, Plaintiff's claim for denial of medical care will be analyzed using the framework of the Eighth Amendment. *See id.* at 582 (evaluating pretrial detainee's claim for inadequate medical care under same standard as claims brought under Eighth Amendment); *see also Miller v. Steele-Smith*, 713 F. App'x 74, 76 n.1 (3d Cir. 2017) (analyzing pretrial detainee's inadequate medical care claim under Eighth Amendment framework).

> In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Estelle*, 429 U.S. at 106. Thus, the question "under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *See Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A plaintiff may meet the pleading burden by alleging facts to establish that the defendant intentionally denied or delayed medical care. *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). Deliberate indifference requires that a defendant "'knows of and disregards an excessive risk to an inmate's health or safety.'" *Dominguez v. Governor of Pa.*, 574 F. App'x 63, 65-66 (3d Cir. 2014) (quoting *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003)). Under this standard, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk." *Farmer*, 511 U.S. at 844.

Deliberate indifference requires the defendant to have been subjectively aware of the risk of harm to the inmate and to have consciously disregarded that risk. *Atkinson v. Taylor*, 316 F.3d 257, 262 (3d Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, claims of mere negligence or medical malpractice do not amount to deliberate indifference. *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 n. 2 (3d Cir. 2001). In addition, "where a prisoner has received *some* medical attention and the dispute is over the *adequacy* of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *U.S. ex rel. Walker v. Fayette Cnty., Pa.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (citation omitted) (emphasis added). A plaintiff's disagreements and/or

5

displeasure with his or her medical care are also insufficient to state an Eighth Amendment claim. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990).

As evidenced by his own assertions, Plaintiff's §1983 deliberate indifference claim against Defendant Champlin do not meet the necessary threshold for deliberate indifference. According to his own allegations, Plaintiff was seen by Defendant Champlin on three separate occasions. Plaintiff's primary complaint about Defendant Champlin's treatment over the course of these three medical visits is that she failed to place him on medical restriction so that he would not be required to walk up and down steps within the prison. Such a complaint, however, amounts to nothing more than a disagreement with Defendant Champlin's proffered diagnosis and medical treatment. Such disagreements are insufficient to sustain a claim under the Eighth Amendment. *Spruill*, 372 F.3d at 235; *White*, 897 F.2d at 110. This is particularly the case here where Defendant Champlin provided Plaintiff medical treatment when she evaluated Plaintiff on each occasion that he presented himself, prescribed pain medication,[2] and recommended exercises to alleviate his symptoms. In addition, Defendant Champlin's diagnosis was consistent with that of other medical providers who saw and treated Plaintiff for the same injuries. Based upon these facts, Plaintiff has not, and cannot, show the requisite deliberate indifference to support his claim. Accordingly, Plaintiff's §1983 claim against Defendant Champlin fails as a matter of law and is dismissed.[3]

---

[2] On the first occasion that Defendant Champlin treated Plaintiff (the day after Plaintiff's initial injury), Defendant Champlin evaluated Plaintiff and told him that it would take about two weeks to recover. Defendant Champlin also told Plaintiff that she would issue an order for extra strength Tylenol, but apparently failed to do so. However, the next day Plaintiff was seen by a registered nurse and given Motrin.

[3] In his amended complaint, Plaintiff makes reference to the "state tort of malpractice." [ECF 13 at p. 3]. To the extent Plaintiff intended to assert a state law claim for medical malpractice, this Court

*Leave to Amend*

The Third Circuit has directed district courts to provide a civil rights plaintiff with an opportunity to file an amended complaint when the operative complaint is subject to dismissal under Rule 12(b)(6), "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245. This Court finds that any attempt to amend Plaintiff's amended complaint would be legally futile because the allegations in his existing complaint show that he was provided constitutionally adequate medical care for his injuries. In light of these assertions, Plaintiff cannot demonstrate the requisite deliberate indifference to substantiate a viable §1983 claim. Therefore, leave to amend the complaint is denied.

**CONCLUSION**

For the reasons stated herein, Defendant Champlin's motion to dismiss is granted, and Plaintiff's §1983 claim against Defendant Champlin is dismissed. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.

---

declines to exercise supplemental jurisdiction over such claim in light of the dismissal of his only federal claim. *See* 18 U.S.C. §1367(c)(3); *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 181 (3d Cir. 1999); *Eberts v. Wert*, 1993 WL 304111, at *5 (E.D. Pa. Aug. 9, 1993) (holding that "Courts should ordinarily decline to exercise supplemental jurisdiction over state law claims when the federal claims are dismissed.").